Tenth Circuit No. 21- 1070

Dist. Court No. 1: 21- CV- 00385- LTB

UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

CEDRIC GREENE,

Plaintiff- Appellant,

v.

FRONTIER AIRLINES, INC.,

Defendant- Appellee.

---

APPELLANT'S OPENING BRIEF

---

Cedric Greene
501 East 6th Street
Los Angeles, California 90021
Tel: (323) 972- 9966
Email: cedricgreene33@yahoo.com

1

## STATEMENT OF THE CASE

**(1.)**

*Cedric Greene* has asked the Tenth Circuit for leave to appeal the *Document "3" and "4"* decisions of the United States District Court for the District of Colorado.

*Documents "3" and "4"* were issued on February 10, 2021.

The District of Colorado's *document "3"* order dismissing action without prejudice concluded that *Cedric Greene* was enjoined from filing a civil action as *pro se* unless he complies with the requirements of his filing restrictions.

Cedric Greene appealed on February 26, 2021, in which was entered as *document "5."*

As to the filings in this Court, the Tenth Circuit's order of March 30, 2021 in this appeal action expressed that Mr. Greene may renew arguments in this brief asking for an order that will lift the District of Colorado filings restrictions.

The filing requirements in the District of Colorado ask that Mr. Greene comply with a list of guidelines that was implemented during the calendar year of 2019, against him.

Nevertheless, the filing requirements should not have applied for this particular case matter. The *document "1"* entries argued that the case matter begun in Denver County small claims.

That is the precise reason that the District of Colorado's filing requirements *should not have applied.* Thus, Denver County's small claims division found that the claims against Frontier Airlines were legit.

In this appeal submission to the Tenth Circuit, Mr. Greene's focus will ask that he be exonerated from the filing requirements to proceed as *pro se* in the District of Colorado.

If exoneration of the filing requirements can occur, the case matter against Frontier Airlines can be resolved in favor of *Cedric Greene.*

The Colorado Supreme Court finalized case matters at the State level with its dismissal order of December 15, 2020.

Based on that order from the Colorado Supreme Court, Mr. Greene is hoping that the Federal levels permit him to proceed with the case matter.

Finally, Mr. Greene's only wrongdoing in state court was that he improperly presented the case to the incorrect County Court.

As to the District of Colorado, the jurisdiction conceded in its *document "3"* order that Cedric Greene is enjoined from filing civil actions in that Court as *pro se*. That should change.

## ISSUES PRESENTED FOR REVIEW

(2.)

(1.) Should *Cedric Greene* be exonerated from the District of Colorado's filing requirements?
(2.) Should this Court revisit its own restrictions against the *pro se* litigant?
(3.) Did the District of Colorado *incorrectly* apply its restrictions in this case?

## THE DISTRICT OF COLORADO ERRED IN DISMISING ITS CASE BECAUSE COUNTY COURT SUBSTANTIATED GREENE'S CLAIMS

(3.)

On February 5, 2021, *Cedric Greene* asked for leave to file a *pro se* action in the District of Colorado, and under the 2019 guidelines the Court set for him.

In that legal submission, he informed District of Colorado officials that the case matter begun in small claims court in Denver County.

The small claims division substantiated Mr. Greene's claims against *Frontier Airlines*.

The only dispute before the Small Claims Division of Denver County was it being improperly introduced as *Small Claims*.

County Court did not perform its correct duties in terms of cases being improperly filed in Denver County as *Small Claims*.

County Court abused its discretion, and did something completely opposite. The Colorado Supreme Court Dismissed the State Court proceedings, and Closed its case.

Cedric Greene attempted to proceed in Federal Court, but the District of Colorado's *document "3"* findings concluded that he was enjoined from filing civil actions as *pro se*.

That is why the District of Colorado Erred in dismissing the underlying case.

The Court did not permit Cedric Greene the opportunity to show what led to the case matter being moved to Federal Court by Cedric Greene.

---

### THE DISTRICT OF COLORADO *INCORRECTLY* DETERMINED THAT ANY APPEAL FROM THEIR ORDER WOULD NOT BE TAKEN IN GOOD FAITH

---

(4.)

As stated in his *document "1"* filing in the District of Colorado on February 5, 2021, the small claims division of County Court substantiated all of Mr. Greene's claims against *Frontier Airlines*.

Instead of dismissing the case matter without prejudice or transferring the case to a different court within county, it made other determinations.

The District of Colorado declined the case due to restrictions.

That is why this Court should order the District of Colorado restrictions to be lifted. Mr. Greene is renewing the request in this submission.

Mr. Greene's appeal to this Court is properly submitted in good faith because the claims against *Frontier* are proper claims that the State Court would not honor.

The only issue at hand on appeal is the restrictions of the District of Colorado. The restrictions of the District Court's Chief Judge declined the case.

The U.S. Court of Appeals for the Tenth Circuit has to *lift* and *exonerate* Cedric Greene from all restrictions so that case matters can be resolved at the Federal level.

---

### THE ACTION REQUESTED BY CEDRIC GREENE

---

(5.)

In his prayer for relief, *Cedric Greene* asks that the Tenth Circuit and District of Colorado revisit all of its restriction guidelines imposed against him.

Where the restrictions necessary regarding case factors that the State Court's would not honor?

Did Mr. Greene substantiate the claims against *Frontier Airlines* when the case was improperly heard by the Small Claims official?

Does Cedric Greene have the legal right to ask Colorado's Federal venues to permit him the opportunity to proceed as *pro se.*

In this particular case, the Tenth Circuit did not ask Cedric Greene to comply with its filing restrictions for this Tenth Circuit case.

Since the Tenth Circuit did not ask that Cedric Greene comply with its filing requirements, the District of Colorado should follow suit.

In asking that they follow suit, Mr. Greene ask that all filing requirements be revisited for exoneration purposes, and for the case against *Frontier Airlines* to be heard at the Federal level in this State.

---

**CERTIFICATE OF WORD COUNT**

---

(6.)

I certify that the total number of pages in the *Appellant's Opening Brief* is "6" pages, and I also certify that the word count of the Brief was a computer count of approximately 1, 031 words.

Mailed this 7th day of April, 2021

Print Name: Cedric Greene                                                                 Signature: *Cedric Greene*

Cedric Greene
501 East 6th Street
Los Angeles, CA. 90021

Tenth Circuit Court of Appeals
1823 Stout Street
Denver, Colorado 80257