FILED  
United States Court of Appeals  
Tenth Circuit  

UNITED STATES COURT OF APPEALS  

FOR THE TENTH CIRCUIT

September 21, 2021  

Christopher M. Wolpert  
Clerk of Court  

_____

CEDRIC GREENE,

    Plaintiff - Appellant,

v.

DENVER COUNTY COURT; RODEWAY INN/OYO HOTEL,

    Defendants - Appellees.

No. 21-1051  
(D.C. No. 1:21-CV-00330-LTB)  
(D. Colorado)

_____

CEDRIC GREENE,

    Plaintiff - Appellant,

v.

FRONTIER AIRLINES, INC.,

    Defendant - Appellee.

No. 21-1070  
(D.C. No. 1:21-CV-00385-LTB)  
(D. Colorado)

_____

CEDRIC GREENE,

    Plaintiff - Appellant,

v.

CHARTER SPECTRUM, INC.,

    Defendant - Appellee.

No. 21-1245  
(D.C. No. 1:21-CV-01613-LTB)  
(D. Colorado)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **KELLY**, and **McHUGH**, Circuit Judges.
_____

*Pro se* litigant, Cedric Greene, appeals the district court's dismissal of three civil actions he filed in the District of Colorado, one against the Denver County Court and additional defendants, one against Frontier Airlines, Inc., and the other against Charter Spectrum, Inc. The district court dismissed all three suits without prejudice, noting that it has permanently enjoined Mr. Greene from filing *pro se* civil actions in the District of Colorado without first complying with the court's filing restrictions. Because Mr. Greene did not comply with the district court's restrictions, the court dismissed his complaints.

Mr. Greene is subject to filing restrictions in this court, in addition to those imposed by the district court. On September 20, 2018, we entered an order and judgment enjoining Mr. Greene "from filing an appeal in this court that raises the same or similar issues arising out of the same or similar set of facts and circumstances as asserted in Tenth Circuit Appeal Nos. 18-3027; 18-3040; 18-3047; 18-3048; 18-3049; 17-4150; 17-4145; 16-4133; 16-4132; 16-4148, or that argues or

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

asserts a federal district court or this court should waive subject-matter jurisdiction." *Greene v. Sprint Nextel Corp.*, 750 F. App'x. 661, 666–67 (10th. Cir. 2018) (unpublished).

None of the present appeals appear to fall within the scope of this court's filing restrictions. We accordingly will consider Mr. Greene's motions to proceed *in forma pauperis* on his three appeals. Because the district court denied Mr. Greene's application to proceed IFP and certified that any appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), Mr. Greene is not entitled IFP status unless we conclude that at least one of his appeals contains a nonfrivolous argument. *See Rolland v. Primesource Staffing*, 497 F.3d 1077, 1079 (10th Cir. 2007).

Mr. Greene, however, fails to present a nonfrivolous argument in any of his appeals. On appeal, Mr. Greene does not address the basis of the district court's decision dismissing his cases without prejudice—Mr. Greene's failure to comply with the district court's filing restrictions. Instead, he presses the merits of his underlying claims as a reason for the district court's filing restrictions to be set aside. Regardless of the merits of his current cases, Mr. Greene remains subject to the district court's filing restrictions. Because he makes no attempt to dispute the district court's conclusion that he failed to comply with those restrictions, his arguments before this court are frivolous.

Mr. Greene's argument on appeal that his cases present "no jurisdictional defects" suggests he may have confused the filing restrictions imposed by this court with those imposed by the district court. To be clear, Mr. Greene failed to meet the

district court's restrictions because he failed to file a motion for leave to proceed *pro se* before filing the actions in the district court. Although Mr. Greene is also subject to restrictions imposed by this court, none of the appeals at issue appear to be in violation of our own filing restrictions. That distinction, however, does not lessen Mr. Greene's burden to proceed IFP on appeal. To do so, Mr. Greene must advance a nonfrivolous argument in this court. He has failed to meet that burden.

    First, Mr. Greene has not advanced any nonfrivolous argument challenging the district court's ruling that he failed to comply with that court's filing restrictions. Indeed, he makes no attempt to address the basis for the district court's order dismissing his district court actions. Second, Mr. Greene has similarly failed to present any nonfrivolous basis for this court to set aside the District of Colorado's filing restrictions. Federal courts have "the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Sieverding v. Colo. Bar Ass'n.*, 469 F.3d 1340, 1343 (10th Cir. 2006) (internal quotations omitted). Thus, even if a "small claims division . . . substantiated Mr. Greene's claims," as Mr. Greene argues, or if his claims were meritorious on some other grounds, Mr. Greene could file a *pro se* claim in the District of Colorado only if he met the district court's filing restrictions. Case No. 21-1070 ROA Vol. 1 at 5. Mr. Greene's motions to proceed *in forma pauperis* are therefore denied.

    Our ruling on IFP status provides sufficient basis to dismiss these appeals. But even were Mr. Greene permitted to proceed IFP, he could not prevail on the merits. We review a district court's application of a previously imposed filing restriction for

abuse of discretion. *See In re Peterson*, 338 F. App'x 763, 764 (10th Cir. 2009) (unpublished). Here, the court did not abuse its discretion in either case because Mr. Greene failed to abide by the district court's restrictions, specifically failing to file a motion requesting leave to file a *pro se* action. Whether Mr. Greene's claims are meritorious is irrelevant to his failure to abide by the reasonable restrictions set out by the district court. And that failure is sufficient to support the district court's dismissal of all these actions without prejudice.

  Finally, we note Mr. Greene's conduct here is not unique. He has repeatedly failed to follow the filing restrictions imposed by both this court and the District of Colorado. S*ee Greene v. Access Servs., Inc.*, 808 F. App'x 685 (10th Cir. 2020) (unpublished); *Greene v. Office of Comptroller of Currency*, 776 F. App'x 983 (10th Cir. 2019) (unpublished); *Greene v. Sprint Nextel Corp.*, 750 F. App'x at 666 ("We told Greene that litigants who abuse the appellate process may be subject to filing restrictions. Despite this warning, Greene filed the five frivolous appeals at issue here in April and May, 2018.") (citations omitted). Mr. Greene's abusive litigation tactics have also resulted in him being subject to filing restrictions "in the Ninth Circuit, the Districts of Kansas and Utah, as well as federal district courts in California and Nevada." *Greene v. Sprint Nextel Corp.*, 750 F. App'x at 666.

  Given this pattern of behavior, and the resultant drain on judicial resources, this court warns Mr. Greene that additional filings of this nature will result in further filing restrictions, including a *per se* prohibition on appealing *in forma pauperis* the

dismissal of cases in which he makes no effort to comply with the district court's filing restrictions.

Accordingly, we **AFFIRM** the district court's dismissal of Mr. Greene's actions. We additionally **DENY** Mr. Greene's motions to proceed *in forma pauperis* on appeal and **DENY** all other pending motions.

                                                    Entered for the Court

                                                    Carolyn B. McHugh
                                                    Circuit Judge

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

| | |
|---|---|
| Christopher M. Wolpert<br>Clerk of Court | Jane K. Castro<br>Chief Deputy Clerk |

September 21, 2021

Mr. Cedric Greene
501 East 6th Street
Los Angeles, CA 90021

**RE:**     **21-1051, 21-1070, 21-1245, Greene v. Denver County Court, et al**
            Dist/Ag docket: 1:21-CV-00330-LTB

Dear Appellant:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

                                             Sincerely,

                                             Christopher M. Wolpert
                                             Clerk of Court

CMW/jjh